UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| RAYMOND R. BOZA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:16-cv-1362 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and Supplemental Security Income (SSI) benefits.  On September 24, 2013, plaintiff filed his applications for DIB and SSI benefits.  Plaintiff alleged an August 24, 2012, onset of disability.  (ECF No. 7-5, PageID.189-95).  Plaintiff's claims were denied on initial review.  (ECF No. 7-4, PageID.119-22).  On June 23, 2015, he received a hearing before an ALJ.  (ECF No. 7-2, PageID.72-106).  On September 2, 2015, the ALJ issued her decision finding that plaintiff was not disabled.  (Op., ECF No. 7-2, PageID.58-67).  On September 19, 2016, the Appeals Council denied review (ECF No. 7-2, PageID.40-43), and the ALJs decision became the Commissioner's final decision.

Plaintiff filed a complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the Commissioner's decision should be overturned on

the following grounds:

> I. The ALJ did not build an accurate and logical bridge between the evidence and her findings regarding plaintiff's RFC.
>
> II. The ALJ improperly assessed plaintiff's subjective complaints.

(Plf. Brief at 7, 11, ECF No. 11, PageID.536, 540). I recommend that the Commissioner's decision be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive[.]" 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different

conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## **The ALJ's Decision**

The ALJ found that plaintiff met the insured status requirements of the Social Security Act through December 31, 2017. (Op. at 3, ECF No. 7-2, PageID.60). Plaintiff had not engaged in substantial gainful activity on or after August 24, 2012, the alleged onset date. (*Id.*). Plaintiff had the following severe impairments: lumbar disc displacement, lumbar degenerative disc disease with radiculopathy, cervical spine degenerative disc disease, and obesity. (*Id.*). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (*Id.* at 4, PageID.61). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), subject to the following limitations. The claimant can lift and carry 20 pounds occasionally and 10 pounds frequently, can stand and/or walk 20 minutes at a time for up to four hours per day, stand/walk four hours total in an eight-hour workday, and can sit 30 minutes at a time up to five hours during an eight-hour workday. His ability to push and/or pull is unlimited, other than as shown for lift and/or carry. Further, the claimant can frequently balance, kneel, crouch and crawl. He can occasionally climb ladders, ropes, scaffolds, ramps and stairs, and occasionally stoop. Finally, the claimant can occasionally tolerate vibrations in the work setting. He can occasionally walk on rough or uneven surfaces, but on such surfaces would require a walking stick or other assistive device. He can have no work at unprotected heights or in the vicinity of unprotected dangerous machinery.

(Op. at 4-5, PageID.61-62). The ALJ found that plaintiff's testimony regarding his subjective limitations was not fully credible. (*Id.* at 5-8, PageID.62-65). Plaintiff could not perform any past relevant work. (*Id.* at 8, PageID.65). He was 36 years old as of the date of alleged onset of his disability and 39 years old on the date of the ALJ's decision. Thus, at all times relevant to his claims for DIB and SSI benefits, plaintiff was classified as a younger individual. (*Id.*).

The ALJ relied on the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age with his RFC, education, and work experience, the VE testified that there were approximately are 467,000 jobs that exist in the national economy that the hypothetical person would be capable of performing. (ECF No. 7-2, PageID.95-100). The ALJ found that this constituted a significant number of jobs. Using Rule 202.21 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (Op. at 8-10, ECF No. 7-2, PageID.65-67).

## Discussion

### 1.

Plaintiff's initial argument is that the Commissioner's decision should be overturned because the ALJ failed to build an accurate and logical bridge between the evidence and her findings regarding plaintiff's RFC. (Plf. Brief at 8-11, ECF No. 11, PageID.537-40).

RFC is the most, not the least, a claimant can do despite his impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a)(1); *Branon v. Commissioner*, 539 F. App'x 675, 677 n.3 (6th Cir. 2013); *Griffeth v. Commissioner*, 217 F. App'x 425, 429 (6th Cir. 2007). RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Deaton v. Commissioner*, 315 F. App'x 595, 598 (6th Cir. 2009). While the RFC determination is made by the ALJ, an ALJ's RFC determination must be supported by substantial evidence. *Torres v. Commissioner*, 490 F. App'x 748, 754 (6th Cir. 2012). If the record contains "conflicting evidence that would suggest further limitations, under the substantial evidence standard, administrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion." *Id.*

Plaintiff argues that the ALJ "played doctor" by placing "an inordinate amount of emphasis" on a March 2015 examination indicating that plaintiff had a normal gait. He asserts that, because this physical examination "was mentioned no less than six times at various point[s] in the [ALJ's] decision," it was "as though its findings alone were inherently preclusive of Plaintiff's disability." (Plaintiff's Brief at 8-9,

ECF No. 11, PageID.538). This argument does not provide a basis for disturbing the ALJ's decision. The ALJ considered "all symptoms" and the extent to which the symptoms could be reasonably accepted as consistent with the objective medical evidence and other evidence. (Op. at 5, ECF No. 7-2, PageID.62). She never considered plaintiff's normal gait and normal strength as precluding a finding of disability. Further, there is no numerical limit for the number of times an ALJ can cite an exhibit.

The March 26, 2015, examination (ECF No. 7-8, PageID.473-74) was significant. It was plaintiff's "most recent physical exam" (Op. at 6, ECF No. 7-2, PageID.63) and it did show that his gait and motor strength were normal. Although it is well established that an ALJ may not substitute her medical judgment for that of the claimant's physicians, considering the weight to be given medical evidence in determining the plaintiff's RFC is not "playing doctor." S*ee Gibbens v. Commissioner*, 659 F. App'x. 238, 246 (6th Cir. 2016).

Plaintiff argues that the ALJ was "inaccurate" when she indicated that plaintiff received epidural injections for pain relief, with treatment notes documenting that he responded positively to the injections. (Plf. Brief at 9, ECF No. 11, PageID.538). But, plaintiff did "respond positively" to an injection in November 2012 (ECF No. 7-7, PageID.295). In addition, a June 4, 2013, operative report noted: "Injections have helped significantly but they last only a few months." (ECF No. 7-7, PageID.394). I find no basis for disturbing the Commissioner's decision.

Next, plaintiff argues that the ALJ improperly or insufficiently addressed the

opinion of state agency reviewers, treating physicians, and third party reports in making her findings regarding plaintiff's RFC. Discussion of this issue is limited to the three specific individuals that plaintiff mentioned in this section of his brief: Physician's Assistant Sara Koenes, state agency consultant Larry Jackson, M.D., and Physician's Assistant Brent Benso.[1] (Plaintiff's Brief at 10-11, ECF No. 11, PageID.539-40).

With regard to Physician's Assistant Koenes, the medical record contains a "Return to Work" note dated as of the alleged onset of disability (August 24, 2012) (ECF No. 7-7, PageID.433), in which temporary work restrictions of no lifting, pushing, or pulling are endorsed. The ALJ and the parties attribute the proffered work restrictions to Physician's Assistant Sarah Koenes,[2] but the note is signed by someone else. The ALJ rejected this opinion as outdated and inconsistent with the record evidence, particularly the most recent examination which indicated normal gait and full strength. (Op. at 6, ECF No. 7-2, PageID.63). The ALJ's findings are adequately supported.

Plaintiff argues that in order to be consistent, the ALJ should have also discounted the opinion of Larry Jackson, M.D., a state agency consultant, because his opinion was "nine months older than Ms. Koenes[.]" (Plf. Brief at 10, ECF No. 11,

---

[1] The ALJ's opinion reversed Mr. Benso's first and last name (Op. at 7, ECF No. 7-2, PageID.64) and both attorneys followed suit in their briefs (Plf. Brief at 10-11, ECF No. 11, PageID.539-40; Def. Brief at 7-9, ECF No. 12, PageID.551-53). Underlying documents show beyond question that the physician's assistant's name is Brent Benso. (*see, e.g.*, ECF No. 7-8, PageID.514, 519, 522).

[2] *See* Plf. Brief at 10, ECF No. 11, PageID.539; Def. Brief at 8, ECF No. 12, PageID.552.

PageID.539).  The foundational premise of plaintiff's argument is flawed.  Dr. Jackson's opinion (ECF No.7-3, PageID.112-13) is dated December 12, 2013, approximately sixteen months after Ms. Koenes' opinion and plaintiff's alleged onset of disability.

On May 14, 2015, Physician's Assistant Benso completed a check-the-box RFC questionnaire form.  (ECF No. 7-8, PageID.513-15).  Plaintiff states that the ALJ "misrepresented" Mr. Benso's opinion regarding plaintiff's need to change position because his questionnaire response indicated that plaintiff would need a job that permitted him to shift positions, without specifying how often (ECF No. 7-8, PageID.513), and the ALJ considered it as an opinion that plaintiff would need a job permitting him to shift position every two hours.  (Plf. Brief at 11, ECF No. PageID.540).  Defendant concedes that attributing a two hour restriction that did not appear on the face of the RFC form was "incorrect."  But defendant contends that plaintiff's argument is a "red herring" because the RFC that the ALJ adopted was consistent with Mr. Benso's suggested restrictions on sitting, standing, and walking, which would necessarily involve shifting positions.  (Def. Brief at 7, ECF No. 12, PageID.551).  Mr. Benso indicated that plaintiff could sit for thirty minutes at one time for four or five hours total in an eight-hour workday and stand/walk fifteen to twenty minutes at one time  for three to four hours total in an eight-hour workday.  (ECF No. 7-8, PageID.513).  The ALJ's RFC findings regarding plaintiff's ability to sit, stand and walk were consistent with Mr. Benso's suggested restrictions.  (Op. at 4-4, ECF No. 7-2, PageID.61-62).

Plaintiff argues that the ALJ should have given weight to the portion Mr. Benso's questionnaire responses indicating that plaintiff would likely miss work once or twice a month and that he would need to take "unscheduled" breaks of approximately fifteen minutes duration every two hours. (Plf. Brief at 10-11, ECF No. 11, PageID.539-40). "ALJs are not bound by conclusory statements of doctors, particularly where they appear on 'check-box forms' and are unsupported by explanations citing detailed objective criteria and documentation." *Birgy v. Commissioner*, No. 1:16-cv-1111, 2017 WL 4081528 at *5 (W.D. Mich. Sept. 15, 2017). The ALJ elected to give only partial weight Mr. Benso's opinions because they were "inconsistent with the record evidence of [plaintiff's] improvement, as he went from having an antalgic gait and a limited range of motion in the lower back due to pain in July 2014, to having a normal gait with full strength by March 2015." (Op. at 7, ECF No. 7-2, PageID.64). Mr. Benso gave no explanation why plaintiff would need unscheduled breaks (ECF No. 7-8, PageID.513) and the ALJ did not include any such restriction in her factual finding regarding plaintiff's RFC. Breaks every two hours "are normal and assumed in most jobs." *Rudd v. Commissioner*, 531 F. App'x 719, 724 (6th Cir. 2013). Mr. Benso's statement regarding "how often plaintiff would likely miss work was conjecture, not a medical opinion." *Ellis v. Commissioner*, No. 1:15-cv-726, 2016 WL 3735776, at *4 (W.D. Mich. July 13, 2016).

The ALJ gave an adequate explanation and her findings regarding plaintiff's RFC are they are supported by substantial evidence.

**2.**

Plaintiff's second claim of error is that the ALJ improperly assessed his subjective complaints. (Plf. Brief at 11-14, ECF No. 11, PageID.540-43).

Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The Court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The Court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed[.]" *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir.2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005); *see Ritchie v. Commissioner*, 540 F. App'x 508, 511 (6th Cir. 2013) ("We have held that an administrative law judge's credibility findings are 'virtually unchallengeable.' "). "Upon review, [the court must] accord to the ALJ"s determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge h[is] subjective complaints." *Buxton v. Halter*, 246 F.3d at 773; *accord White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey*

*v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

The Sixth Circuit recognizes that meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The *Rogers* court observed that Social Security Ruling 96-7p requires that the ALJ explain her credibility determination and that the explanation "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers*, 486 F.3d at 248. The ALJ gave a lengthy and detailed explanation of her factual finding regarding plaintiff's credibility. (Op. at 5-8, ECF No. 7-2, PageID.62-65).

Plaintiff argues that the ALJ mischaracterized the record and discussed only the evidence that favored her conclusion. (Plf. Brief at 13-14, ECF No. 11, PageID.542-43). Arguments that the ALJ mischaracterized or "cherry picked" the administrative record are frequently made and seldom successful, because "the same process can be described more neutrally as weighing the evidence." *White v. Commissioner*, 572 F.3d 272, 284 (6th Cir. 2009). The narrow scope of judicial review of the Commissioner's final administrative decision does not include re-weighing evidence. *See Ulman v. Commissioner*, 693 F.3d at 713(6th Cir. 2012); *see also Reynolds v. Commissioner*, 424 F. App'x 411, 414 (6th Cir. 2011) ("This court reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ.").

Plaintiff argues that the ALJ was "grasping at straws" in an attempt to support her credibility determination when she mentioned plaintiff's application for unemployment benefits. (Plf. Brief at 13, ECF No. 11, PageID.542). The ALJ discounted plaintiff's credibility because his testimony regarding the reason for denial of his application for unemployment benefits was inconsistent with the state records:

> The claimant testified that he was told that he could not do other work in August 2013 and that he was denied unemployment benefits because he could not work. However, the evidence obtained after the hearing diminishes the persuasiveness of the claimant's testimony. (Testimony and Ex 8D).

(Op. at 6, ECF No. 7-2, PageID.63; *see* ECF No. 7-2, PageID.82, 219-20). In addition, plaintiff's application for unemployment benefits was only one factor that the ALJ considered, and it was an appropriate consideration. *See Workman v. Commissioner*, 105 F. App'x 794, 801 (6th Cir. 2004) ("Applications for unemployment and disability are inherently inconsistent."); *see also Bastian v. Commissioner*, No. 1:13-cv-666, 2014 WL 5073606 at *9 (W.D. Mich. Oct 3, 2014) (collecting cases). The ALJ also noted that there was evidence in the record which tended to undermine plaintiff's testimony that he had not worked after his alleged onset of disability. "Although [plaintiff] stated he had not worked after the alleged onset date, he had work excuse slips filled out for him to miss work in January and March 2013, and an additional work excuse slip, stating the claimant should be excused from work for an undetermined period beginning on August 29, 2013." (Op. at 5-6, PageID.62-63) (citing Ex.1F, 26; Ex. 5F, 30; Ex. 8F, 2, found at ECF No. 7-7, PageID.314, 360, 426).

Plaintiff also criticizes the ALJ for making "broad leaps" from his "ability to perform minimal daily activities to support her conclusions." (Plf. Brief at 13, ECF No. 11, PageID.542). A review of the relevant portion of the ALJ's opinion (Op. at 5-8, ECF No. 7-2, PageID.62-65) reveals that the ALJ's credibility determination did not give particularly significant weight to plaintiff's daily activities. It was appropriate for the ALJ to take plaintiff's daily activities into account in making her credibility determination. *See Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). The ALJ gave a more than adequate explanation of her factual finding regarding plaintiff's credibility and that finding is supported by more than substantial evidence.

### Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:   January 17, 2018          /s/  Phillip J. Green
                                   PHILLIP J. GREEN
                                   United States Magistrate Judge


### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).